# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEURSLA LASHAY BARRON**                                                              **PLAINTIFF**

v.                                   No: 3:20-cv-00311 DPM-PSH

**EMILY JONES**                                                                         **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Deursla Lashay Barron filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 6, 2020, while incarcerated at the Craighead County Detention Center (Doc. No. 2). For the reasons stated herein, Barron's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right,

privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Barron asserts that there was a short delay in outgoing mail in late September 2020, and that mail sent to her from the Arkansas Attorney General's Office was opened on September 29, 2020. Doc. No. 2 at 4-5.

Although inmates have a First Amendment right of free speech to send and receive mail, that right may be limited by legitimate penological interests such as prison security. *See Turner v. Safely,* 482 U.S. 78, 89 (1987). Neither an isolated incidence of mail tampering nor short delays in sending or receiving mail violate a prisoner's First Amendment right of free speech to send and receive mail. *See Spears v. Hernandez,* No. CIV 08-5171, 2010 WL 964211, at *15 (W.D. Ark. Feb. 20, 2010), *report and recommendation adopted,* No. CIV08-5171, 2010 WL 964236 (W.D. Ark. Mar. 16, 2010) (citing *Davis v. Goord,* 320 F.3d 346, 351 (2nd Cir. 2003) (finding isolated incidents of mail tampering insufficient to state a constitutional claim); *Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays and disruptions are insufficient to state a cause of action grounded upon the First Amendment."); *Rowe v. Shake,* 196 F.3d 778, 782–783 (7th Cir. 1999) (holding that relatively short-term and sporadic delays in receiving mail which were not the result of content-based prison regulation or practice is insufficient to state a First Amendment claim)). *See also Sears v. Grudek,* No. 3:13-CV-03046, 2013 WL 6536241, at *2 (W.D. Ark. Dec. 13, 2013) ("short

delays with respect to either outgoing or incoming mail do not violate the First Amendment"); *Thompson v. Stovall*, No. 4:10-CV-04113, 2012 WL 1029527, at *7 (W.D. Ark. Feb. 15, 2012), *report and recommendation adopted*, No. 4:10-CV-4113, 2012 WL 1029471 (W.D. Ark. Mar. 26, 2012) ("An isolated instance of opening confidential legal mail, without any evidence of improper motive, does not support a § 1983 claim.") (citing *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997)).

Further, prison officials may open and inspect a prisoner's mail for contraband outside of the inmate's presence unless it is privileged legal mail. *See Wolff v. McDonnell,* 418 U.S. 539, 576–77 (1974); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997); *Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981). Privileged legal mail is defined as "mail to or from an inmate's attorney and identified as such." *Gardner,* 109 F.3d at 430. Mail to and from a court or opposing counsel does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. *See e.g., Burgess v. Dormire*, No. 05-4111--CV-C-SOW, 2006 WL 1382317, at *3 (W.D. Mo. May 17, 2006) ("[L]egal mail from the courts and opposing counsel do not come within the parameters of mail that is protected by the attorney-client privilege. The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special

treatment.") (internal citations omitted) (citing *Jensen v. Klecker,* 648 F.2d at 1182 and *Harrod v. Halford,* 773 F.2d 234 (8th Cir. 1985)).[1]

Barron's allegations that her outgoing mail was delayed more than a day and that non-privileged legal mail was opened on one occasion do not support a constitutional claim for violation of her First Amendment rights. Additionally, Barron sues Officer Tiffany Jones but does not allege that Jones interfered with her mail. Accordingly, the undersigned recommends dismissal of Barron's claims concerning her mail for failure to state a claim upon relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Barron's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

---

[1] *See also Moore v. Rowley,* Case No. 04–1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (holding that a prisoner had no constitutional right to have his bankruptcy petition mailed without being inspected first); *Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir. 1987) (court documents are not privileged legal mail because they are "public documents" available in the court's files).

IT IS SO RECOMMENDED this 22nd day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE